UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Hopeton H. Haughton,

Petitioner,

vs.                                                    REPORT AND RECOMMENDATION

United States of America,

Respondent.          Civ. No. 08-311 (ADM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, pursuant to Title 28 U.S.C. §2241.

The Petitioner, Hopeton H. Haughton ("Haughton") appears pro se, and the Respondent appears by John R. Marti, Assistant United States Attorney.

For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be denied.

## II.  Factual and Procedural Background

Haughton is a Federal prisoner, who is currently serving a life sentence at the Federal Medical Center, in Rochester, Minnesota.  See, Petition, Docket No. 1, at 2. The sentence resulted from Haughton's conviction on November 20, 1987, by a general Court Martial, for the Premeditated Murder of his wife, in violation of Article 118 of the Uniform Code of Military Justice.[1]  See, United States' Response, Docket No. 7, Exhibit 1 at 1.  The operative facts may be briefly summarized.

On July 17, 1987, Haughton shot and killed his wife, and was subsequently charged with her Premeditated Murder.  See, United States' Response, supra, Exhibit 3 at 5.  Haughton pled not guilty but, after a four (4) day Trial, he was convicted of Premeditated Murder on November 20, 1987.  Id., Exhibit 1 at 1, Exhibit 3 at 5. Haughton received a life sentence, was reduced to the rank of Private, and forfeited

---

[1]Article 118  provides the definition for murder, and includes with that definition, "[a]ny person subject to this chapter who, without justification or excuse, unlawfully kills a human being, when he * * * has a premeditated design to kill[.]" Title 10 U.S.C. §918(1).

A general Court Martial is "the only type of court-martial 'authorized to impose penalties of more than one year's incarceration[.]'"  Ackerman v. Novak, 483 F.3d 647, 652 (10th Cir. 2007), quoting Hamdan v. Rumsfeld, 548 U.S. 557, 648 (2006)(Breyer, J., concurring). A general Court Martial consists of a Military Judge, and not less than five (5) members, or the accused may request that only the Military Judge preside over the proceedings. See, Title 10 U.S.C. §816, Subdivision 1(A-B).

all of his pay and allowances.  Id., Exhibit 1 at 1.  In addition, he was subject to a

dishonorable discharge from the military service.  Id.  A "findings worksheet" was

prepared for the president of the Court Martial panel, in order to recite the Verdict,

however, after the announcement of the Verdict, the findings worksheet was

accidentally destroyed.[2]  See, Petition, supra, Memorandum at 2.  A reconstructed

copy of the findings worksheet was added to the Trial record, and both Haughton's

defense counsel, and the Prosecutor, attested to its accuracy. See, United States'

Response, supra, Exhibit 2 at 1-5.

Specifically, the Attesting Certificate provides as follows:

> The undersigned agree and stipulate and do hereby certify
> that the attached "FINDINGS WORKSHEET", marked as
> Appellate Exhibit LIII is the findings worksheet utilized by
> the Court in the above captioned action and that it
> accurately reflects the findings of the Court in said case.

---

[2]Rule 922(a), Rules for Court Martial, provides that "[f]indings shall be announced in the presence of all parties promptly after they have been determined." Rule 921(d), Rules for Court Martial, provides that, "[a]fter the members have reached findings * * * [t]he military judge may, in the presence of the parties, examine any writing which the president intends to read to announce the findings and may assist the members in putting the findings in proper form."

> The undersigned further agree and stipulate and do hereby certify that the said Appellate Exhibit LIII was left with the papers of the members after their departure from the courtroom and was inadvertently shredded with their notes.

Id., Exhibit 2 at 4.

After his conviction, Haughton was allowed to raise any legal errors to the convening authority for review.[3]  Id., Exhibit 2.  However, on March 14, 1988, the convening authority approved Haughton's sentence, and directed that the sentence be executed, except for Haughton's dishonorable discharge, because he had not exhausted his appeals.[4]  Id., Exhibit 1 at 1-3, 5-6.

---

[3]Generally, the convening authority is the military commander empowered to create or convene a Court Martial.  See, Title 10 U.S.C. §§822-824.  After conviction, the accused may submit matters to the convening authority that "may reasonably tend to affect the convening authority's decision whether to disapprove any findings of guilty or to approve the sentence."  Rule 1105(b)(1), Rules for Court Martial.

[4]The Respondent asserts that Haughton failed to argue that his Trial record was incomplete to the convening authority.  See, United States' Response, supra at 4-5.  However, the document submitted in support of that argument does not specify the legal challenges, which Haughton brought before the convening authority.  Instead it states only that the "matters submitted pursuant to [Rule] 1105 [Rules for Court Martial,] are attached herewith."  Id., Exhibit 1 at 5 at ¶3.  No attachment is included with the document and, as a result, we are unable to ascertain Haughton's legal challenges before the convening authority.

Due to his life sentence, Haughton's case was referred to the United States Army Court of Military Review for mandatory review.[5]  On December 8, 1988, Haughton's counsel submitted an Assignment of Errors, and Brief, to the Army Court of Military Review, but did not raise any challenge based upon the reconstructed findings worksheet.  See, United States' Response, supra, Exhibit 3.  In addition, Haughton filed his own pro se legal challenges, including challenges to the Military Trial Judge's evidentiary rulings and Jury instructions, but he did not raise any challenge to the reconstructed findings worksheet.  Id., Exhibit 4 at 1-2.  On November 17, 1989, the Army Court of Military Review affirmed Haughton's conviction and sentence.  Id., Exhibit 5.

On January 29, 1990, Haughton appealed his conviction to the United States Court of Military Appeals.  Id., Exhibit 6 at 1.  Haughton's sole ground for appeal was that the Military Trial Judge erred by determining that the testimony of two (2) witnesses was relevant.  Id., Exhibit 6 at 2.  On September 12, 1990, the Court of

---

[5]Under Title 10 U.S.C. §866(b)(1) "[t]he Judge Advocate General shall refer to a Court of Criminal Appeals  in each case * * * in which the sentence, as approved, * * * [is for] confinement for one year or more[.]"

The Army Court of Military Review is now known as the United States Army Court of Criminal Appeals.  See, United States' Response, supra at 6 n. 10.

Military Appeals affirmed the decision of the Army Court of Military Review.  Id., Exhibit 7.

After the Court of Military Appeals' decision, the case was returned to the convening authority for the execution of Haughton's sentence.  Id., Exhibit 8.  On March 14, 1991, the convening authority took final action on Haughton's sentence, by executing his dishonorable discharge, and transferring him to the United States Disciplinary Barracks at Fort Leavenworth, Kansas.  Id.

On February 19, 1991, Haughton filed his first Petition for a Writ of Habeas Corpus in the United States District Court for the District of Kansas.  Id., Exhibit 9 at 1.  Haughton challenged his conviction on eight (8) grounds, including a claim that his Trial record was incomplete.  Id., Exhibit 9 at 8.  With respect to his claim of an incomplete Trial Record, Haughton requested that the date of the memorandum[6] be noted, and he included additional materials, in which he alleged that the Military Trial Judge acted improperly because he did not maintain the findings worksheet, and because the Attesting Certificate had an incorrect date as the date of certification.  Id.,

---

[6]The Respondent contends that Haughton's request to note the date of the memorandum refers to the date of the Memorandum of the Attesting Certificate. See, United States' Response, supra at 7.  However, after careful review of the Exhibit, it is unclear which Memorandum, or date, Haughton is referencing.

Exhibit 10 at 1, 7-8.   Specifically, Haughton alleged that, because the Attesting

Certificate was dated with the first day of his Court Martial, instead of the date of his

conviction,  "the findings were already exercised and confirmed guilty," and "[p]rior

too [sic] the jury members receiving the same for deliberation."  Id., Exhibit 10 at 9.

On July 29, 1993, the Court denied Haughton's Petition, in its entirety.  Id., Exhibit

11.  As pertinent here, the Court dismissed Haughton's claim of an incomplete Trial

record because it was never raised during his direct appeal to the Military Courts.  Id.,

Exhibit 11 at 6.

On February 16, 1994, Haughton appealed the District Court's dismissal to the

United States Court of Appeals for the Tenth Circuit.  Id., Exhibit 12.  Haughton's

appeal was based, in part, on his allegation of an incomplete Trial record.  Id., Exhibit

12 at 2.  With respect to that claim, Haughton argued that the failure to have an

original findings worksheet prevented the Military Courts from exercising de novo

review of his case, as follows:

> When the Appellant received his record of trial he noticed
> that the sentencing worksheet was not in the record.  In its
> place was a document signed by counsel that the appellant
> had been convicted and sentenced to life imprisonment,
> total forfeiture of pay and allowances, to be reduced to the
> lowest grade and to be discharge[d] from the Armed
> Service [sic] with a Dishonorable Discharge.  Since the

> worksheet was not part of the record there is no way in
> which to determine what the sentence was or for that matter
> if there was a concurrence of at least three-fourths of the
> members on the sentence.

Id., Exhibit 12 at 3, 17.

On June 9, 1994, the Court of Appeals for the Tenth Circuit affirmed the dismissal of

Haughton's Petition.[7] Id., Exhibit 13 at 2.  The Court noted that the District Court had

correctly dismissed Haughton's incomplete Trial record claim because it was never

raised before the Military Courts.  Id.

On February 7, 1996, the United States Court of Appeals for the Armed Forces

denied Haughton's Petition for Extraordinary Relief.[8] Id., Exhibit 14.  On October 10,

2007, Haughton filed a Motion for De Novo Review, or for Immediate Release, with

_____

[7]On May 25, 2001, Haughton also filed a Petition for Writ of Habeas Corpus
in the United States District Court for the Northern District of New York.  See,
Haughton v. Menifee, 09:01-cv-00820 (NAM/DEP), Docket No. 1. On July 10, 2001,
Haughton's Petition was transferred to the Southern District of New York because,
at that time, Haughton was incarcerated in a facility located in that District.  See,
United States' Response, supra, Exhibit 17 at 2-3. On September 21, 2001, the United
States District Court for the Southern District of New York summarily dismissed
Haughton's Petition. Id., Exhibit 17 at 4.  However, on this Record, we are unable to
ascertain whether he challenged the reconstructed findings worksheet in that Petition.

[8]The Respondent contends that Haughton's Petition for Extraordinary Relief
included Haughton's argument that the Trial record was incomplete.  See, United
States' Response, supra at 9.  However, the Exhibit provided only demonstrates that
Haughton's Petition was summarily denied. Id., Exhibit 14.

the United States Army Court of Criminal Appeals.  Id., Exhibit 15 at 1-2.  In that

Petition, Haughton alleged that his Trial record was incomplete, because it did not

contain a Verdict worksheet or Trial conviction, and that, as a result, he had not been

granted de novo review in his original appeal.  Id., Exhibit 15 at 1.  As relief, he asked

the Army Court of Criminal Appeals to grant de novo review, and to remand his

conviction for further proceedings.  Id.  In the alternative, he requested an immediate

release from his incarceration, because his conviction was "unlawful without an actual

findings work sheet/military trial conviction sheet."  Id.

On October 22, 2007, the Army Court of Criminal Appeals denied Haughton's

Motion.  Id., Exhibit 16.  In a footnote, the Court noted as follows:

> Petitioner has repeatedly filed pleadings with this Court
> contending that the findings worksheet is missing from the
> record of trial.  The worksheet is marked in the record of
> trial as Appellate Exhibit LIII.  Additionally, in response to
> petitioner's repeated complaints, this Court has provided
> petitioner with the worksheet at least five times, most
> recently on 19 April 2007.  Absent good cause, this Court
> will not entertain any future pleadings alleging this error.

Id.

On February 4, 2008, Haughton filed his current Petition for Federal Habeas Corpus

relief under Section 2241.  In his current Petition, Haughton alleges that his Fifth

Amendment Due Process rights were violated when the original findings worksheet

was lost, and a defective Attesting Certificate was substituted in its place, because the

Military Appeals Courts were effectively precluded from conducting a de novo review

of the original record.  See, Petition, supra at 12.

The Respondent contends that Haughton's Petition should be denied because

it is successive, because it is an abuse of the Writ, because the Military Courts have

already given Haughton's claims full and fair consideration, and because any alleged

error was harmless.[9]  See, United States' Response, supra at 10-19.

---

[9]Since we have determined that Haughton's claims are procedurally barred, we do not address whether the destruction of the original findings worksheet in the Trial record was harmless error.  See, Felton v. Lansing, 55 Fed. Appx. 529, 530 (10th Cir. 2003)[Table Decision]("In addition, federal courts 'will not review petitioners' claims on the merits if they were not raised at all in the military courts.'"), quoting Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986), cert. denied, 476 U.S. 1184 (1986); Ruiz-Garcia v. Lansing, 42 Fed. Appx. 98, 100 (10th Cir. 2002); Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 812 (10th Cir. 1993), cert. denied, 510 U.S. 1091 (1994).

Furthermore, our conclusion, that the Army Court of Criminal Appeals fully and fairly considered Haughton's claims, also precludes us from determining whether the absence of the original findings worksheet was harmless error.  See, Gilliam v. Bureau of Prisons, 2000 WL 268491 at *2 (8th Cir., March 10, 2000)(noting that civilian Courts "must defer to the decision of the military court if that court has given fair consideration to the claims advanced in the habeas petition."), citing Burns v. Wilson, 346 U,S, 137, 142-144 (1953)("It is not open to a federal civil court to grant the writ simply to re-evaluate the evidence," but instead, "it is the limited function of the civil courts to determine whether the military have given fair consideration to each [claim.]"); see also, Lips v. Commandant, United States Disciplinary Barracks, supra
(continued...)

III. <u>Discussion</u>

A.    <u>Successive Petition</u>.

The Respondent argues that Haughton's Petition should be dismissed because he raises a claim that has already been heard, and rejected, in a prior Habeas Petition. We disagree.

Generally, successive Petitions are governed by Title 28 U.S.C. §2244(a), which provides as follows:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Under Title 28 U.S.C. §2244(3)(A), before a second or successive Petition is filed in the proper District Court, the petitioner must move the proper Court of Appeals for an Order authorizing the District Court to consider the Petition.  However, because Haughton was convicted by a Court Martial, the gatekeeping provision of Section 2244 does not apply to his Petition.

---

[9](...continued)

at 811("Under <u>Burns</u>, if the military gave full and fair consideration to claims asserted in a federal habeas corpus petition, the petition should be denied.").

Although not addressed directly by our Court of Appeals, the Court of Appeals for the Tenth Circuit has addressed, in detail, Section 2244's application to Military convictions.  In Ackerman v. Novak, 483 F.3d 647, 648 (10th Cir. 2007), the petitioner had pled guilty to rape and larceny in a Court Martial proceeding.  Subsequently, in 2000 and 2001, he filed Petitions for a Writ of Habeas Corpus, which were dismissed on their merits.[10]  Id.  After the dismissal of his second Petition, the petitioner filed a Motion with the Court of Appeals for the Tenth Circuit for leave to file a third collateral challenge to his conviction.  Id.

In its decision, the Court recognized that Section 2244(a) applies "only to a petitioner who is in detention 'pursuant to a judgment of a court of the United States.'"  Id. at 650 [citations omitted].  The Court observed that Title 28 U.S.C. §451 defines a "court of the United States" as "'the Supreme Court of the United States, courts of appeals, district courts * * * and any court created by Act of Congress the

---

[10]The 2000 and 2001 Petitions were construed pursuant to Title 28 U.S.C. §2241.  There, the petitioner's 2000 Petition raised three (3) claims which were dismissed on their merits.  See, Ackerman v. Novak, 483 F.3d 647, 648 (10th Cir. 2007).  In the petitioner's 2001 Petition, he raised seven (7) grounds for relief, and the District Court denied three (3) of those grounds as successive, because they were raised in his first Petition, while the other four (4) grounds were deemed waived, because he failed to raise them before the Military Courts.  Id.

judges of which are entitled to hold office during good behavior.'"[11] Id.  The Court further noted that a "court of the United States" "has been held to denote Article III courts, whose judges have life tenure and may be removed only by impeachment." Id.

The Court recognized that the definition of a "court of the United States" did not encompass Military Judges, because they perform judicial duties only when such duties are assigned to them, and because, "although military justice courts are established by an Act of Congress, military judges are not entitled to hold office during 'good behavior,' and are not, therefore 'court[s] of the United States' under § 451." Id. at 652; see also, United States v. Rachels, 6 M.J. 232, 234 (C.M.A. 1979). Accordingly, since the petitioner, there, was not detained pursuant to a Judgment of a Court of the United States, the Court concluded that he was not subject to the successive Petition provision of Title 28 U.S.C. §2244(a).  Id. at 653; see also, Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000)(finding that an INS detainee was not subject to Section 2244(a) because he was not convicted by a "court of the United States"), citing Felker v. Turpin, 518 U.S. 651, 662-63 (1996).

---

[11]Title 28 U.S.C. §451 provides definitions applicable to all of Title 28 sections, including Section 2244.

Here, the facts are indistinguishable from those presented in <u>Ackerman</u>. The Record demonstrates that this is Haughton's third Petition for Federal Habeas relief.[12] See, <u>Petition</u>, supra; <u>United States' Response</u>, supra, Exhibit 9, Exhibit 17. However, as with the petitioner in <u>Ackerman</u>, Haughton was convicted by a Court Martial, which is not a Court of the United States. As a result, the gatekeeping provisions of Title 28 U.S.C. §2244(a) are not applicable to his Petition, and therefore, he was not required to seek leave from our Court of Appeals for the Eighth Circuit, prior to filing his current Petition.

B.    <u>Abuse of the Writ and Procedural Default</u>.

The Respondent next urges that Haughton's Petition should be dismissed because it is an abuse of the Writ. We agree.

Although not explicitly addressed by the Respondent, Title 28 U.S.C. §2244(b)(2) provides a statutory, procedural bar, similar to the abuse of the Writ doctrine. In pertinent part, Title 28 U.S.C. §2244(b)(2) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not

_____

[12]The Record further demonstrates that Haughton has filed a similar Petition, and Motion, in the Military Courts. See, <u>United States' Response</u>, supra, Exhibits 14, 16.

presented in a prior application shall be dismissed[.]"[13]  See also, <u>Washington v. Delo</u>, 51 F.3d 756, 759 (8th Cir. 1995)("More specifically, claims in a later petition are properly dismissed * * * as an abuse of the writ, if they were not previously raised but should have been."), cert. denied, <u>sub. nom.</u> <u>Washington v. Bowersox</u>, 516 U.S. 876 (1995), citing <u>Sawyer v. Whitley</u>, 505 U.S. 333, 338 (1992); <u>Fairchild v. Lockhart</u>, 979 F.2d 636, 640 (8th Cir. 1992)("'The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus.'"), cert. denied, <u>sub. nom.</u> <u>Fairchild v. Endell</u>, 509 U.S. 928 (1993), quoting <u>McClesky v. Zant</u>, 499 U.S. 467, 470 (1991).

However, Section 2244(b)(2) is only applicable to Petitions brought by individuals in custody pursuant to a State Court Judgment.  See, <u>Title 28 U.S.C. §§2244(b)(2)</u>, and <u>2254(b)(1)</u> (addressing the provisions for granting a "writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court[.]").  Therefore, Section 2244(b)(2) does not apply to Federal prisoners.  See, <u>Rosales-Garcia v. Holland</u>, 322 F.3d 386, 399 (3rd Cir. 2003)("Because §2244(b) makes no

---

[13]Title 28 U.S.C. §2244(b)(2) also lists numerous exceptions to the dismissal rule but, because we conclude that Title 28 U.S.C. §2244(b)(2) is not applicable to Haughton's Petition, we do not further address those exceptions.

reference to habeas petitions filed under § 2241, but rather, applies only to petitions filed pursuant to 28 U.S.C. § 2254, the prior-appellate-review provisions of §2244(b) do not apply to habeas petitions filed under §2241."), quoting <u>Barapind v. Reno</u>, supra at 1111, in turn citing <u>Valona v. United States</u>, 138 F.3d 693, 694 (7th Cir. 1998)(finding that Section 2244 does not apply to petitions under Section 2241); <u>Zayas v. I.N.S.</u>, 311 F.3d 247, 256 (3rd Cir. 2002)("The §2244(b) structure was, as we have explained above, specifically addressed to second or successive petitions filed pursuant to §2254, i.e., petitions filed by state prisoners collaterally challenging their convictions on federal constitutional grounds."). Accordingly, Section 2244(b)(2) would not bar the current Petition.

Although Section 2244(b)(2) does not bar Haughton's Petition, the common law abuse of Writ doctrine bars his claim. In <u>McCleskey v. Zant</u>, supra at 487, the Supreme Court noted that "Congress did not intend §2244(b) to foreclose application of the court-announced principles defining and limiting a district court's discretion to entertain abusive petitions." See also, <u>Rehbein v. Clarke</u>, 94 F.3d 478, 483 (8th Cir. 1996), quoting <u>McCleskey v. Zant</u>, supra at 483. "Instead, the statutes and rules addressing potentially abusive claims must always be read in light of the equitable proposition that petitioners 'should include all reasonably available claims and

grounds for relief in their first habeas petition.'"   Rehbein v. Clarke, supra at 483,

quoting Washington v. Delo, supra at 760.

To establish abuse of the Writ, the Supreme Court has enunciated the following

standard:

> When a prisoner files a second or subsequent application,
> the government bears the burden of pleading abuse of the
> writ.  The government satisfies this burden if, with clarity
> and particularity, it notes petitioner's prior writ history,
> identifies the claims that appear for the first time, and
> alleges that petitioner has abused the writ.
>
> The burden to disprove abuse then becomes petitioner's.
> To excuse his failure to raise the claim earlier, he must
> show cause for failing to raise it and prejudice therefrom as
> those concepts have been defined in our procedural default
> decisions.  The petitioner's opportunity to meet the burden
> of cause and prejudice will not include an evidentiary
> hearing if the district court determines as a matter of law
> that petitioner cannot satisfy the standard.  If petitioner
> cannot show cause, the failure to raise the claim in an
> earlier petition may nonetheless be excused if he or she can
> show that a fundamental miscarriage of justice would result
> from a failure to entertain the claim.

McCleskey v. Zant, supra at 494-95; see also, LaRette v. Bowersox, 70 F.3d 986, 987
(8th Cir. 1995)("To excuse an abuse of the writ, a successive habeas petitioner must
show either cause and prejudice, or probable actual innocence."), cert. denied, 516
U.S. 1005 (1995); Heffernan v. Norris, 48 F.3d 331, 333 (8th Cir. 1995)("A habeas
petitioner may excuse * * * abuse of the writ by showing cause and prejudice, or
actual innocence."), citing McCleskey v. Zant, supra at 489-94.

Our Court of Appeals has also found an abuse of the writ where a petitioner raises "claims considered and rejected in [a] prior habeas petition." LaRette v. Bowersox, supra at 987; see also, Zuniga-Hernandez v. Reese, 2002 WL 31553539 at *1 (D. Minn., November 14, 2002)("When a petitioner raises grounds in a subsequent petition that are merely a restatement of the claims considered and rejected in a prior habeas petition, the petitioner has clearly abused the writ."), citing LaRette v. Bowersox, supra at 987.

Here, the Respondent has met its burden of demonstrating an abuse of the Writ. With clarity and particularity, the Respondent has shown that Haughton previously raised an incomplete Trial record argument in his Petition to the United States District Court for the District of Kansas. See, Petition, supra, at 7-9, Exhibits 9-13. The Court rejected Haughton's incomplete Trial record claim, along with his other grounds for relief. Id., Exhibit 11 at 7. Since the Respondent has met its burden of demonstrating an abuse of the writ, the burden shifts to Haughton to demonstrate cause and prejudice, or his probable actual innocence. See, LaRette v. Bowersox, supra at 987; Rehbein v. Clarke, supra at 483; Washington v. Delo, supra at 760-61.

In order to satisfy the "cause" requirement, Haughton must show that some external impediment prevented him from presenting his claim in a timely, and

procedurally proper, manner.  See, <u>Bell v. Attorney General of State of Iowa</u>, 474 F.3d 558, 561 (8th Cir. 2007)("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner."), cert. denied, --- U.S. ---, 128 S.Ct. 261 (2007), citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 753 (1991)("[C]ause under the cause and prejudice test must be something **external** to the petitioner, something that cannot fairly be attributed to him * * *  [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available * * * or that some interference by officials made compliance impracticable[.]'")[emphasis in original], quoting, in turn, <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986); see also, <u>Spears v. Mullin</u>, 343 F.3d 1215, 1255 (10th Cir. 2003)("Cause excusing a procedural default must be some objective factor external to the habeas petitioner, not fairly attributable to him, that impeded his efforts to comply with the procedural rule in question.").

Construing Haughton's Petition indulgently, we understand his argument to be that his procedural default should be excused because he has requested the reconstructed findings worksheet on numerous occasions, but has never received a copy, and accordingly, he was not able to properly argue his incomplete Trial record

claim in his previous Habeas Petition.  See, <u>Petition</u>, supra at 11.  We find his effort

to show cause to be without merit.

Despite Haughton's argument to the contrary, on November 16, 2007, he was

informed by the Clerk of Court for the Department of the Army that "Appellate

Exhibit LIII [the reconstructed findings worksheet] is contained in your record and is

accurate," and that Haughton had "receiv[ed] the findings worksheet in the Article

54(d) copy of your record," which Haughton received in March of 1988.[14]  See,

<u>Petition</u>, supra, Exhibit A.  Haughton has not proffered any other evidence to

demonstrate that he did not receive the reconstructed worksheet with his copy of the

Trial record, nor has he put forth any other evidence to demonstrate that there were

other external factors, which impeded him from properly raising his challenge to the

reconstructed findings worksheet in his first Habeas Petition.

As a consequence, we conclude that Haughton has not satisfied the "cause"

prong of the "cause and prejudice" standard so as to excuse his procedural default, and

---

[14]Under Title 10 U.S.C. §854(d), "[a] copy of the record of the proceedings of each general and special court-martial shall be given to the accused as soon as it is authenticated."  Moreover, the Clerk of Court for the Department of the Army noted that Haughton had also received the reconstructed findings work sheet on four (4) other occasions.  See, <u>Petition</u>, supra, Exhibit A; <u>United States' Response</u>, supra, Exhibit 16.

we are obligated to recommend this Petition be dismissed, with prejudice.[15]   Nor has

Haughton argued his actual innocence of the crime, let alone offer any proof in

support of such a claim and accordingly, we find the actual innocence standard

inapplicable to excuse Haughton's abuse of the writ.  See, <u>Williams v. White</u>, 1995

WL 574685 at *1 (8th Cir., October 2, 1995)( "Petitioner has made no claim of actual

innocence; thus, as a matter of law he cannot satisfy this exception to cause and

prejudice."), citing <u>Schlup v. Delo</u>, 513 U.S. 298, 314-16 (1995) and <u>Washington v.</u>

---

[15]Since Haughton has plainly failed to satisfy the cause requirement, it is
unnecessary to consider the prejudice component.  See, <u>Washington v. Delo</u>, 51 F.3d
756, 760 (8th Cir. 1995)("Since no cause has been shown, we need not reach the issue
of prejudice," and "[w]e therefore conclude that Washington's second petition is
successive and an abuse of the writ."), cert. denied, <u>sub nom. Washington v.</u>
<u>Bowersox</u>, 516 U.S. 876 (1995); see also, <u>Cagle v. Norris</u>, 474 F.3d 1090, 1099 (8th
Cir. 2007)("If a prisoner fails to demonstrate cause, the court need not address
prejudice."), citing <u>Mathenia v. Delo</u>, 99 F.3d 1476, 1481 (8th Cir. 1996) cert. denied,
<u>sub. nom. Mathenia v. Bowersox</u>, 521 U.S. 1123; <u>Ashker v. Class</u>, 152 F.3d 863, 871
(8th Cir. 1998)(when a Habeas petitioner "has not shown adequate cause to overcome
the procedural bar * * * we need not consider the issue of actual prejudice"); <u>Sweet</u>
<u>v. Delo</u>, 125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998)
(same).

Nevertheless, we find no reason to believe that Haughton could satisfy the
prejudice requirement, in order to excuse his abuse of the Writ, since he has presented
the same claim in the Federal Courts previously, and to no avail.  It appears that every
Federal Court to consider the claim, has rejected it as without merit.

Delo, supra at 761.   Accordingly, we recommend that Haughton's Petition be dismissed based on his abuse of the Writ.

In addition, the Respondent contends that Haughton has procedurally defaulted his claims, because he did not raise the incomplete Trial record as an error in his direct appeals before the Military Courts.   We agree, for "[i]ssues that were not raised before the military courts will not be considered, unless the petitioner can show 'both cause excusing the procedural default and actual prejudice resulting from the error.'"  Ruiz-Garcia v. Lansing, 42 Fed.Appx. 98, 100 (10th Cir. 2002), quoting Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 812 (10th Cir. 1993), cert. denied, 510 U.S. 1091 (1994); see also, Felton v. Lansing, 55 Fed.Appx. 529, 530 (10th Cir. 2003)[Table Decision]("In addition, federal courts 'will not review petitioners' claims on the merits if they were not raised at all in the military courts.'"), quoting, Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986), cert. denied, 476 U.S. 1184 (1986).

The cause and actual prejudice test has been applied to individuals confined by a Military Court Judgment.   See, Lips v. Commandant, United States Disciplinary Barracks, supra at 812, citing Wolff v. United States, 737 F.2d 877, 880 (10th Cir. 1984), cert. denied, 469 U.S. 1076 (1984); Otto v. Inch, 2008 WL 681957 at *3, and

6 (D. Kan., March 7, 2008); United States v. Wallace, 1997 WL 476340 at *4-5 (E.D. La., August 19, 1997). Here, it is undisputed that Haughton failed to challenge the completeness of the Trial record, in his direct appeals to the Army Court of Military Review, and the Court of Military Appeals. See, United States' Response, supra, Exhibits 3, 4, and 6. Accordingly, unless Haughton can demonstrate cause and actual prejudice, his claim is procedurally barred.[16]

As we have previously noted, in order to satisfy the "cause" requirement, Haughton must demonstrate that some external impediment prevented him from presenting his claim in a timely, and procedurally proper manner. See, Coleman v.

---

[16]A State prisoner may also be excused of a procedural default if he demonstrates his actual innocence. See, Collier v. Norris, 485 F.3d 415, 425 (8th Cir. 2007)("'[A] state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards.'"), quoting Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004), cert. denied, sub. nom. Clemons v. Roper, 546 U.S. 828 (2005); Moore-El v. Luebbers, 446 F.3d 890, 896 (8th Cir. 2006)(A defaulted claim will be considered if "the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice.")[citations omitted], cert. denied, 549 U.S. 1059 (2006). However, our independent research has not disclosed any case which applied the actual innocence standard to excuse a procedural default for an individual detained pursuant to a Military Conviction. Nonetheless, Haughton has failed to allege actual innocence, let alone offer any proof in support of such a claim, and accordingly, we find the actual innocence standard inapplicable to excuse Haughton's procedural default.

Thompson, supra at 753; Bell v. Attorney General of State of Iowa, supra at 561;

Spears v. Mullin, supra at 1255.

Construing Haughton's Petition indulgently, we understand his argument to be

that he was unable to present his incomplete Trial record argument, during his direct

appeals to the Military Courts, because he had not received a copy of the reconstructed

findings worksheet. See, Petition, supra at 11. We have already concluded, however,

that his argument is without merit, because Haughton has not offered any evidence to

refute the judicially recognized fact that he received a copy of the reconstructed

findings worksheet in his copy of the Trial record.[17]  See, Petition, supra, Exhibit A.

Nor has Haughton offered any other evidence to demonstrate that there were other

external factors which impeded him from raising his challenge to the reconstructed

findings worksheet during his Military Court  appeals in 1988, and 1990.

As a consequence, we conclude that Haughton has not satisfied the "cause"

prong of the "cause and prejudice" standard, so as to excuse his procedural default,

---

[17]Notably, Haughton received his Trial record, including the reconstructed findings worksheet, prior to the submission of his counsel's brief, as well as his own pro se challenges, in his direct appeals to the Army Court of Military Review, and the Court of Military Appeals.  See, United States' Response, supra, Exhibits 3-4, 6.

and we are obligated to recommend that his Petition be dismissed, with prejudice,[18]

but we turn to consider whether his claim of an incomplete Trial record received full

and fair consideration by the Military Courts.

      C.    Full and Fair Consideration by the Military Courts.

      1.    Standard of Review.  "It must be recognized that military law is

'jurisprudence which exists separate and apart from the law which governs in our

federal judicial establishment.'" Allen v. United States Air Force, 2008 WL 4379175

at *6 (D. N.D., September 25, 2008), quoting Burns v. Wilson, 346 U.S. 137, 140

(1953); see also, Schlesinger v. Councilman, 420 U.S. 738, 746 (1975); Parker v.

Levy, 417 U.S. 733, 744 (1974).  Congress has never deemed it appropriate to confer

on Federal Courts "'appellate jurisdiction to supervise the administration of criminal

justice in the military.'"  Schlesinger v. Councilman, supra at 746, quoting Noyd v.

Bond, 395 U.S. 683, 694 (1969).  "As a consequence, the valid, final judgments of

military courts * * * generally have res judicata effect and further litigation on the

---

[18]As noted, because Haughton has failed to satisfy the cause requirement as to his Due Process claim, it is unnecessary to consider the prejudice component.  See, Cagle v. Norris, 474 F.3d 1090, 1099 (8th Cir. 2007); Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998); Sweet v. Delo,  125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998).  Nonetheless, we find no reason to believe that Haughton could satisfy the prejudice requirement, as to his procedurally defaulted claim, for reasons we have already expressed.

merits is precluded."   Allen v. United States Air Force, supra at *6, quoting

Schlesigner v. Councilman, supra at 746.

Although a Federal District Court may not have direct review of Court Martial

decisions, it may entertain a collateral attack on a Court Martial decision.  See, Harris

v. Cicone, 417 F.2d 479, 481 (8th Cir. 1969)( "[I]n military habeas cases the civil

courts do have jurisdiction to determine whether the accused was denied any basic

constitutional right[.]"), cert. denied, 397 U.S. 1078 (1970); Allen v. United States Air

Force, supra at *6 ("While a civilian court generally may not directly review a court-

martial decision, it may, in appropriate circumstances, entertain a collateral attack on

a court-martial decision.")[citations omitted]; see also, Burns v. Wilson, supra at 139

(finding that Federal Courts have jurisdiction over Habeas Corpus Petitions from

persons confined by Military Courts).

Military Courts carry the same responsibilities as Federal Courts in

"protect[ing] a person from a violation of his constitutional rights," see, Burns v.

Wilson, supra at 142, but that "does not displace the civil courts' jurisdiction over an

application for habeas corpus from the military prisoner."   Id.; see also, Harris v.

Ciccone, supra at 481; Schita v. Cox, 139 F.2d 971, 972 (8th Cir. 1944)(finding

Federal Court interference appropriate where constitutional irregularities were raised),

cert. denied, 322 U.S. 761 (1944); Allen v. United States Air Force, supra at *6.

Nonetheless, it must be assumed "that the military court system will vindicate servicemen's constitutional rights," and therefore, we "will not entertain habeas petitions by military prisoners unless all available military remedies have been exhausted." Schlesinger v. Councilman, supra at 758, citing Gusik v. Schilder, 340 U.S. 128 (1950), and Noyd v. Bond, 395 U.S. 683, 694-95 (1969).

When a Federal District Court reviews a collateral attack on a military conviction, the review is narrow and limited.  See, Harris v. Ciccone, supra at 481 ("This court has indicated that a civil tribunal's range of inquiry on habeas review of a military conviction is narrower than on habeas review of a non-military conviction."), citing Swisher v. United States, 354 F.2d 472, 475 (8th Cir. 1966) ("[T]he scope of a habeas corpus review of a military conviction is more narrow than a habeas corpus review of a conviction by a civil court."); Allen v. United States Air Force, supra at *6 ("Although a civilian court may review a collateral attack on a court-martial decision, the review is to be limited and narrow.").

"It is not the duty of the civilian court to re-examine and re-weigh the evidence or events to prove or disprove the accused's allegations." Allen v. United States Air Force, supra at *6, citing Burns v. Wilson, supra at 144.  Thus, "where the

constitutional issue involves a factual determination, the court's inquiry is limited to determining whether the military court gave full and fair consideration to the constitutional issues." Harris v. Coccine, supra at 481; see, Allen v. United States Air Force, supra at *6 ("When a constitutional issue is alleged by a serviceperson that involves a factual determination, the civilian court's inquiry is limited to determining whether the military court gave 'full and fair consideration' to the issue."); see also, Lips v. Commandant, United States Disciplinary Barracks, supra at 811 ("'[I]t is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims.'"), cert. denied, 510 U.S. 1091 (1994), quoting Burns v. Wilson, supra at 144.

Our Court of Appeals has determined that civilian courts "must defer to the decision of the military court if that court has given fair consideration to the claims advanced in the habeas petition." Gilliam v. Bureau of Prisons, 2000 WL 268491 at *2 (8th Cir., March 10, 2000), citing, Burns v. Wilson, supra at 142-144 ("It is not open to a federal civil court to grant the writ simply to re-evaluate the evidence," but instead, " it is the limited function of the civil courts to determine whether the military have given fair consideration to each [claim.]"); see also, Lips v. Commandant, United States Disciplinary Barracks, supra at 811 ("Under Burns, if the military gave full and

fair consideration to claims asserted in a federal habeas corpus petition, the petition should be denied.").

Although our Court of Appeals has not fully defined the scope of fair consideration, the Tenth Circuit has addressed the issue in some detail.  In <u>Dodson v. Zelez</u>, 917 F.2d 1250, 1252-53 (10th Cir. 1990), the Court identified the following four (4) factors when determining whether a review of a military conviction, on a Petition for Habeas Corpus, is appropriate:

> 1.  [T]he asserted error must be of substantial constitutional dimension * * *. 2.  The issue must be one of law rather than of disputed fact already determined by military tribunals * * *. 3.  Military considerations may warrant different treatment of constitutional claims * * *. 4.  The military courts must give adequate consideration to the issues involved and apply proper legal standards.

<u>Id.</u> [internal citations omitted]; see also, <u>Ruiz-Garcia v. Lansing</u>, supra at 100; <u>Lips v. Commandant, United States Disciplinary Barracks</u>, supra at 811.

In a subsequent case, the Tenth Circuit explicitly concluded that the most important factor was whether the Military Courts gave adequate consideration to a petitioner's claims.  See, <u>Lips v. Commandant, United States Disciplinary Barracks</u>, supra at 811 ("[I]f the military gave full and fair consideration to claims asserted in a federal habeas corpus petition, the petition should be denied," and "[o]nly when the military has not given a petitioner's claims full and fair consideration does the scope of review

by the federal civil court expand."); see also, <u>Felton v. Lansing</u>, supra at 530; <u>Hammer v. Harrison</u>, 2009 WL 274254 at *1 (D. Kan., January 23, 2009); <u>Adams v. Harrison</u>, 2008 WL 2051099 at *1 (D. Kan., May 13, 2008).

"When an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion."   <u>Watson v. McCotter</u>, supra at 145; see also, <u>Templar v. Harrison</u>, 2008 WL 4746772 at *1 (10th Cir., October 30, 2008)("An issue receives full and fair consideration if it has been briefed and argued, even if the military court summarily disposes of the matter."), citing <u>Watson v. McCotter</u>, supra at 145; <u>Felton v. Lansing</u>, supra at 530; <u>Hammer v. Harrison</u>, supra at *2.

2.   <u>Legal Analysis.</u>   The Respondent contends that Haughton's claim of an incomplete Trial record received full and fair consideration by the Military Trial Court.  See, <u>United States' Response</u>, supra at 16.  However, the contention is without merit because Haughton never briefed, or argued, the claim before the Military Trial Court.  As a result, the Military Trial Court could not have given Haughton's claim

full and fair consideration.  See, <u>Templar v. Harrison</u>, supra at *1;  <u>Felton v. Lansing</u>, supra at 530.

Next, the Respondent argues that Haughton's claim of an incomplete Trial record received full and fair consideration during his direct appeals to the Army Court of Military Review, and the Court of Military Appeals.  See, <u>United States' Response</u>, supra at 16-17.  However, as we have already determined, Haughton failed to challenge the allegedly incomplete Trial record before those Courts.  Accordingly, Haughton's claim could not have received full and fair consideration during his direct appeals to the Military Courts.

The Respondent also argues that, in 1996, Haughton alleged that his Trial record was incomplete in a  Petition for Extraordinary Relief to the Court of Appeals for the Armed Forces.  See, <u>United States' Response</u>, supra at 18.  However, the document, which the Respondent provided in support of the argument, only states that Haughton's Petition was denied.  <u>Id.</u>, Exhibit 14.  Therefore, on this Record, we are unable to ascertain whether Haughton's claim received full and fair consideration before the Court of Appeals for the Armed Forces.

However, on October 10, 2007, Haughton filed a Motion for De Novo Review, or for Immediate Release, with the Army Court of Criminal Appeals.  <u>United States'</u>

Response, supra, Exhibit 15 at 1-2.  In his Motion, Haughton claimed that his Trial

record contained no findings worksheet, or Trial conviction.  Id., Exhibit 15 at 1.  He

further argued that the absence of the original findings worksheet meant that the

Military Appeals Courts could not have conducted a de novo review of his conviction.

Id.  On October 22, 2007, the Army Court of Criminal Appeals denied Haughton's

Motion.  Id., Exhibit 16.  In its decision, the Court noted that, notwithstanding

Haughton's arguments to the contrary, "[t]he worksheet is marked in the record of the

trial as Appellate Exhibit LIII."  Id.

While the Court's decision is brief, we find, as a matter of law, that the Court

gave Haughton's claim full and fair consideration.  See, Johnson v. Harrison, 160

Fed.Appx. 737, 738 (10th Cir. 2005)("'When an issue is briefed and argued before a

military board of review, we have held that the military tribunal has given the claim

fair consideration, even though its opinion summarily disposed of the issue with the

mere statement that it did not consider the issue meritorious or requiring

discussion.'"), quoting Watson v. McCotter, supra at 145; Smith v. Commandant,

United States Disciplinary Barracks, 50 Fed.Appx. 966, 967 (10th Cir. 2002)("An

issue is deemed to have received full and fair consideration where it was brought

before the military court and was disposed of by that court, even if summarily."), cert.

denied, <u>sub. nom. Smith v. United States</u>, 538 U.S. 1022 (2003)[citation omitted];

<u>Ricks v. Nickels</u>, 19 Fed.Appx. 771, 772-73 (10th Cir. 2001)("When an issue is briefed

and argued to a military court, we will assume the issue received full and fair

consideration, even if the court summarily disposed of it."), citing <u>Lips v.

Commandant, United States Disciplinary Barracks</u>, supra at 812 n. 2; see also, <u>Sanford

v. United States</u>, 567 F.Supp.2d 114, 118 (D. D.C. 2008)("As a general rule, the

thorough consideration component of a court's analysis is 'established when it is

briefed and argued by the parties, even if the judgment summarily disposes of the

issue.'"), quoting  <u>Oppermann v. United States</u>, 2007 WL 1748920 at *6 (D. D.C.,

June 15, 2007); <u>Fletcher v. Outlaw</u>, 2008 WL 26225662 at *3 (E.D. Tex., June 30

2008); <u>Sharp v. United States Army</u>, 2008 WL 163595 at *4 (N.D. N.Y., January 16,

2008); <u>Howard-Pinson v. Army Clemency & Parole Bd.</u>, 2006 WL 5616330 at *3

(E.D. Va., July 10, 2006).

     Since we conclude that Haughton's claim received full and fair consideration,

we find that his Due Process claim is without merit, and we recommend that his

Petition be denied.

     NOW, THEREFORE, It is --

RECOMMENDED:

That the Petition for a Writ of Habeas Corpus [Docket No. 1] be denied.

Dated:  March 5, 2009                              s/Raymond L. Erickson
                                                   Raymond L. Erickson
                                                   CHIEF U.S. MAGISTRATE JUDGE

NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 20, 2009,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 20, 2009,** unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.