# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Hopeton H. Haughton,

                Petitioner,          **MEMORANDUM OPINION AND ORDER**

v.                                              Civil No. 08-311 ADM/RLE

United States of America,

                Respondent.

_____

Hopeton H. Haughton, pro se.

John R. Marti, Esq., Assistant United States Attorney, Minneapolis, MN on behalf of the Respondent.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Petitioner Hopeton H. Haughton's ("Haughton") Objection [Docket No. 13] to Magistrate Judge Raymond L. Erickson's Report and Recommendation ("R&R") [Docket No. 10]. The R&R recommends that Haughton's Petition for a Writ of Habeas Corpus [Docket No. 1] be denied. For the reasons set forth below, Haughton's Objection is overruled, and the R&R is adopted.

## II. BACKGROUND

The procedural and factual background, described in the R&R, is incorporated for review of Haughton's Objection. In summary, Haughton is a federal prisoner currently serving a life sentence at the Federal Medical Center in Rochester, Minnesota. On November 20, 1987, he was convicted by a general Court Martial for the Premeditated Murder of his wife and sentenced to life in prison. To assist the president of the Court Martial panel in reciting the verdict, a

"findings worksheet" was prepared. However, the findings worksheet was accidentally destroyed, and a reconstructed copy of the findings worksheet was added to the trial record. Both Haughton's defense counsel and the prosecutor attested to its accuracy.

Following his conviction, Haughton has raised numerous issues for review both within the military court system and in the civilian courts. Haughton first challenged his conviction in the United States District Court of Kansas in 1991, arguing that the trial record was incomplete because the record included the reconstructed findings sheet rather than the original findings sheet. The court dismissed the challenge because it was not raised during his direct appeal to the Military Courts. The Tenth Circuit affirmed the dismissal. Haughton later filed further appeals with the Military Courts as well as a petition for writ of habeas corpus in the United States District Court for the Southern District of New York. These appeals and the petition were denied.[1]

On February 4, 2008, Haughton filed his current Petition for Federal Habeas Corpus relief under 28 U.S.C. § 2241. He alleges that his Fifth Amendment Due Process rights were violated when the original findings worksheet was lost and the reconstructed findings worksheet was substituted in its place. He asserts this defect precluded the Military Appeals Courts from conducting a de novo review of the original record.

### III. DISCUSSION

Judge Erickson recommends that the Court deny Haughton's Petition on the basis of the

---

[1] The Government contends that Haughton's incomplete trial record argument was rejected by these authorities. The evidence in the record is inconclusive on this point, but this fact is irrelevant for purposes of deciding this motion.

abuse of the writ doctrine and on the ground that the Military Courts have previously given full and fair consideration to this issue. R&R at 14, 33. Haughton does not object to Judge Erickson's finding that the issue has received full and fair consideration. Rather, he objects on the basis that (1) the Kansas court did not address the subject of an incomplete trial record, and (2) the Military Courts may not use a reconstructed copy of the findings sheet on appellate review. Objection at 1, 2.

**A.      Standard of Review**

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Haughton is not contesting a conviction by this Court or a state court but rather a conviction by military Court Martial. His petition for habeas corpus is reviewable under 28 U.S.C. § 2241 because Haughton is "in custody under or by color of the United States." 28 U.S.C. § 2241(c)(1). Typically, this Court would analyze whether the issues raised in Haughton's petition were considered or should have been raised in a prior petition, which creates a statutory bar to successive petitions. As Judge Erickson recognized, however, § 2244 only applies to second or successive habeas petitions under 28 U.S.C. § 2255 concerning a federal court judgment and second or successive habeas petitions under 28 U.S.C. § 2254 concerning a state court judgment. Instead, the R&R recommends that Haughton's petition be dismissed under the common law abuse of the writ doctrine. R&R at 16.

The Supreme Court has determined that "Congress did not intend § 2244(b) to foreclose application of the court-announced principles defining and limiting a district court's discretion to entertain abusive petitions." McCleskey v. Zant, 499 U.S. 467, 487 (1991). Rather, "abusive claims must always be read in light of the equitable proposition that petitioners 'should include all reasonably available claims and grounds for relief in their first habeas petition.'" Rehbein v. Clarke, 94 F.3d 478, 483 (8th Cir. 1996) (quoting Washington v. Delo, 51 F.3d 756, 760 (8th Cir. 1995), cert. denied, 516 U.S. 876 (1995)). Accordingly, the government bears the initial burden of pleading abuse of the writ, and if it meets this burden, the petitioner must show cause and prejudice or a fundamental miscarriage of justice to excuse a failure to raise the claim earlier. McCleskey, 499 U.S. at 494-95. "In the context of successive habeas claims (as opposed to failure to raise the claims earlier), 'cause' has been construed as meaning 'cause for bringing a petition that fails to present a new ground for relief.'" O'Neal v. Levi, 551 F. Supp. 2d 379, 388 (E.D. Pa. 2008) (quoting Campbell v. Blodgett, 997 F.2d 512, 524 (9th Cir. 1993), cert. denied 510 U.S. 1215 (1994)). "In other words, a petitioner must show cause for seeking review of the same claim twice–such as the discovery of new facts, or an intervening change in the law, that warrants reexamination of the same ground for relief raised in an earlier petition." Campbell, 997 F.2d at 524.

No cause for seeking to again review the claim exists in this case. Haughton has not argued that new facts exist or that there has been an intervening change in the law, rather he states that the Kansas court did not address the incomplete trial record issue in its order in his first habeas petition. To the contrary, Haughton raised the issue and the court rejected it, finding that the issue was never raised in the military courts and therefore must be dismissed.

4

Government's Response [Docket No. 7], Ex. 11 (Haughton v. Hart, No. 91-3060, slip op. at 6 (D. Kan. Jul. 29, 1993)). The Tenth Circuit also considered this argument on appeal and affirmed the dismissal. Id., Ex. 13 at 2. For this reason, the Court finds that Haughton's petition is an abuse of the writ and should be dismissed.[2]

Haughton's other argument is that the Military Courts may not use a reconstructed copy of a findings sheet on appellate review. First, Haughton cites no authority, nor is the Court aware of any, in support of this position. Second, the Rules for Court Martial clearly state that "neither [the findings sheet] nor any oral or written clarification or discussion concerning it shall constitute announcement of findings." R.C.M. 921(d). As the discussion of this rule makes clear, "Ordinarily a findings worksheet should be provided to the members as an aid to putting the findings in proper form." Id., Discussion. The findings sheet is merely an aid to the Court Martial panel, not an official document, and there is no reason why the reconstructed findings sheet cannot be used on appellate review. Compare R.C.M. 1103(D)(I) & (iv) (requiring the original charge sheet and the original dated and signed action by the convening authority to complete a trial record) with R.C.M. 1103(D)(v) (allowing reproductions of other appellate exhibits). For these reasons, Haughton's second objection fails.

---

[2] The Court also notes that Haughton's petition fails because the issue was given full and fair consideration by the Military Courts. See R&R at 25-33. Accordingly, even if Haughton's petition was not an abuse of the writ, he did not object to this finding, and the petition is dismissed for this reason as well.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Hopeton H. Haughton's Objection [Docket No. 13] is **OVERRULED**;

2. The R&R [Docket No. 10] is **ADOPTED**; and

3. Petitioner Hopeton H. Haughton's Petition for a Writ of Habeas Corpus [Docket No. 1] is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

s/Ann D. Montgomery

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated:  June 2, 2009